USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/04/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DERRAN MORRIS,                                        :
                                                     :
                    Petitioner,                      :        OPINION AND ORDER
                                                     :
          -against-                                  :
                                                     :        25 Civ. 2091 (NSR) (AEK)
M. KOPP, Acting Superintendent,                      :
Sing Sing Correctional Facility,                     :
                                                     :
                    Respondent.                      :
-----------------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge:

*Pro se* Petitioner, Derran Morris ("Petitioner"), commenced the instant proceeding on March 5, 2025, pursuant to 28 U.S.C. § 2554, challenging his New York State Court felony conviction. (ECF No. 1, the "Petition.") On or about June 5, 2025, Respondent filed a motion to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the Petition is time-barred. (ECF No. 14.) On April 14, 2025, the matter was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), for all general pre-trial matters. (ECF No. 14.) Presently before the Court is MJ Krause's Report and Recommendation ("R&R") dated October 15, 2025, recommending that the proceeding be dismissed with prejudice as time-barred. (ECF No. 18.)

For the following reasons, the Court adopts the R&R in its entirety and deems the action dismissed.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

1

[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2)–(3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections… or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd*, 308 F. App'x 560 (2d Cir. 2009).

**DISCUSSION**

Despite the passage of more than fourteen days, neither Petitioner nor Respondent have objected to MJ Krause's R&R. As required, the Court reviews the R&R for clear error. *See Harris*, 2008 WL 772568, at *6. Upon a thorough review of the record and MJ Krause's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

As outlined in more detail in the R&R, Petitioner commenced this proceeding challenging his judgment of conviction by the New York State Supreme Court, Westchester County, for the crimes of murder in the second degree, manslaughter in the first degree, assault in the first degree, and assault in the second degree. (*See* Petition.) Petitioner was thereby convicted on July 16, 2019, following a jury trial, and was sentenced to forty-years of incarceration. (ECF No. 15-2 at 1-2.) Petitioner appealed his conviction to New York's intermediate appellate court, which affirmed his conviction. *People v. Morris*, 207 A.D.3d 477, 478 (A.D. 2d Dept. 2022). Petitioner then sought leave to appeal to the New York State Court of Appeals, the state's highest court, but on October 6, 2022, his application was denied. *People v. Morris*, 39 N.Y.3d 941 (2022). To date, Petitioner has not sought any other state court relief and has failed to seek a *writ of certiorari* from the United States Supreme Court.

"The statutory authority of federal courts to issue *habeas corpus* relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"); *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  In relevant part, an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

3

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(b).

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)). To be granted a writ of *habeas corpus* from a federal district court, a petitioner must fully and carefully comply with the provisions of the AEDPA as prescribed in 28 U.S.C. § 2254. Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254. If a petitioner has met these threshold requirements, a federal district court may hear "an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must then determine the appropriate standard of review applicable to the petitioner's claims in accordance with 28 U.S.C. § 2254(d).

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). This limitation period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time," and the petitioner "acted with reasonable diligence throughout the period he [or she] seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). As outlined in the R&R, the instant Petition was filed more than one year after Petitioner's conviction became final on October 6, 2022.

Moreover, Petitioner has failed to demonstrate extraordinary circumstances warranting equitable tolling of the limitations period.

## CONCLUSION

Upon a review of the R&R, the Court finds no clear error on the face of the R&R. Accordingly, the Court adopts MJ Krause's R&R in its entirety. The instant proceeding commenced pursuant to 28 U.S.C. § 2554 is deemed DISMISSED with prejudice. As the Petition presents no questions of substance for appellate review, a certificate of probable cause should not be issued. *See Rodriquez v. Scully*, 905 F.2d 24 (2d Cir. 1990) (per curiam); *Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir. 1979). The Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Petitioner at the address on ECF, to show service on the docket, and to terminate the motion at ECF No. 14 and the action.

Dated: December 4, 2025                                                    SO ORDERED
      White Plains, NY

_____
          Nelson S. Roman
          U.S. District Court, Judge